Date: June 20, 2018
Time: 9:00 a.m.
Place: Portland
Objection deadline: June 12, 2018

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * *
                                *
In re:                          *
                                *          Chapter 13
Amy K. Cooney,                  *          Case No. 16-20167
                                *
        Debtor                  *
                                *
* * * * * * * * * * * * * * * * *
                                *
Credit Acceptance Corp.,        *
                                *
        Movant                  *
v.                              *
                                *
Amy K. Cooney, Debtor           *
                                *
and                             *
                                *
Andrew M. Dudley                *
Trustee,                        *
                                *
        Respondents             *
                                *
* * * * * * * * * * * * * * * * *
```

## MOTION FOR RELIEF FROM STAY

NOW COMES Movant, Credit Acceptance Corp. ("CAC"), by and through its counsel, and says as follows:

1.      On or about November 30, 2015, Amy K. Cooney (the "Debtor") entered into a retail installment contract (the "Contract") with Lee Dodge of Westbrook, Maine for the purchase of the 2012 Subaru Impreza bearing vehicle identification number JF1GPAD69CH222515 (the "Vehicle").  A true copy of the Contract is attached as Exhibit A to this Motion.

2.      The Contract included a Security Agreement granting a security interest in the Vehicle, and in all premiums (the "Premiums") (if any) for insurance and for extended warranties

and service contracts financed under the terms of the Contract, to the Contract owner and holder to secure the obligations of the Debtor in that Contract.

3.    The Contract has been assigned for value to Santander and Santander is the owner and the holder of that Contract.

4.    On March 30, 2016, the Debtor filed a petition with this Court seeking an Order for Relief under 11 U.S.C. Chapter 13.  As a result of this petition, certain acts and proceedings against the Debtor and the Debtor's property were stayed as provided for in 11 U.S.C. § 362(a).

5.    Andrew M. Dudley is the duly appointed, acting, and qualified Trustee in the Debtor's Chapter 13 case.

6.    The Debtor is currently in default under the terms of the Contract in that, among other things, CAC has not received the payment due under that Contract on September 30, 2017, or any further payments.

7.    This is an action under 11 U.S.C. § 362(d) and Bankruptcy Rules 4001 and 9014 for relief from the automatic stay arising out of the above proceedings.  This Court has jurisdiction of this action under 28 U.S.C. §§ 157, 1334 and Local Rule 83.6(a) of the United States District Court for the District of Maine.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(2)(A), 157(2)(G) and 157(2)(O).

8.    The net balance owed to CAC on the Contract as of May 7, 2018 was $15,386.65. Interest is accruing on this balance from that date at the Contract rate of 17.99% per year.  In addition, a late charge of 5% of the part of the payment that is late, not to exceed $10.00, is accruing on all installments not paid within 15 days after they are due.

9.    The wholesale value of the Vehicle is no more than $8,175.00 and the current value of the Premiums is no more than $2,160.00.

10.    CAC has filed a proof of claim in this case.

11.    CAC's security interest in the Vehicle is valid, duly perfected and enforceable as shown by the title certificate, a true copy of which is attached as Exhibit B to this Motion. Santander's security interest in the Premiums is also valid, duly perfected and enforceable.

12.    The Contract remains in default.

13.    CAC is the party entitled to possession of the Vehicle and the Premiums.

14.     On May 8, 2018, CAC, through its counsel, attempted to obtain consent to the motion by contacting Debtor's counsel and/or the Trustee, but to date, such consent has not been given.

15.     CAC is without adequate protection to the extent that it has not:

    (a)     Been paid for the Vehicle or the Premiums (if any);

    (b)     Received periodic payments resulting in a decrease in the total indebtedness owed to CAC under the Contract; or

    (c)     Been granted a replacement lien in any other property.

16.     The Debtor has minimal or no equity in the Vehicle and the Premiums (if any) and the Vehicle and the Premiums (if any) are not necessary for the effective reorganization of the Debtor.

17.     Additional cause exists for the granting of the relief sought in this Motion in that, among other things, the Debtor is not making payments to the Trustee as required by the terms of the Debtor's confirmed Chapter 13 Plan.

THEREFORE, CAC asks:

1.     That CAC, its successors and assigns, be granted relief from the automatic stay imposed by 11 U.S.C. § 362(a) to proceed upon their respective state law and other rights in the Vehicle and the Premiums (if any); and

2.     That CAC have such other and further relief as this Court may deem just and proper.

DATED at Portland, Maine, this 29th day of May, 2018.

/s/ F. Bruce Sleeper
F. Bruce Sleeper
Attorney for Movant
Credit Acceptance Corp.

JENSEN BAIRD GARDNER & HENRY
Ten Free Street
P.O. Box 4510
Portland, ME  04112
(207) 775-7271

### NOTICE OF MOTION FOR RELIEF FROM STAY, OF DEADLINE TO FILE OBJECTIONS TO MOTION, AND OF HEARING DATE

Credit Acceptance Corp. ("CAC") has filed papers, including a Motion for Relief From Stay (the "Motion"), and a proposed Order related to that Motion, with the Bankruptcy Court to obtain relief from the automatic bankruptcy stay so that it may proceed upon its rights in the 2012 Subaru Impreza bearing vehicle identification number JF1GPAD69CH222515 (the "Vehicle") and in any premiums (the "Premiums") for insurance or extended warranties or service contracts financed under the terms of the retail installment contract (the "Contract") dated November 30, 2015 between Amy K. Cooney and Lee Dodge of Westbrook, Maine for the purchase of the Vehicle.  These rights may include the right to repossess the Vehicle and the use of the Premiums to pay what is owed on the Contract.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant CAC relief from the bankruptcy stay in order to proceed upon its rights in the Vehicle and the Premiums, or if you want the Court to consider your views on the Motion, then you or your attorney must:

1.      On or before June 12, 2018 (the "Objection Date"), file with the Court a written response to the Motion, explaining your position.  This response must be received by the Court either through the Court's electronic filing system (if you are registered to use that system), or by mailing or delivery of the response to the following address:

> Clerk, U.S. Bankruptcy Court
> 537 Congress Street, 2nd Floor
> Portland, ME  04101

If you mail your response to the court for filing, you must mail it early enough so the Court will **receive** it on or before the Objection Date stated above.  You must also mail or deliver a copy of your response to the following at the indicated addresses, or electronically through the Court's electronic filing system (if you or your attorney are registered to use that system):

Counsel for CAC:

> F. Bruce Sleeper, Esquire
> Jensen Baird Gardner & Henry
> Ten Free Street
> P.O. Box 4510
> Portland, ME  04112

Trustee:

> Andrew M. Dudley
> Standing Chapter 13 Trustee's Office
> P.O. Box 429
> Brunswick, ME  04011

Persons, or their attorneys, who are registered with the Court to make electronic filings MUST file their responses with the Court electronically and deliver them electronically to all other parties to whom such delivery is available through the Court's electronic filing system.

2.      Also attend the hearing scheduled to be held at 9:00 a.m. on June 20, 2018, at Bankruptcy Courtroom, 537 Congress Street, 2nd Floor, Portland, Maine.

**If you or your attorney do not take all of these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.  In such an instance, the Court may provide that the order granting this relief will be effective as soon as it is signed by a Bankruptcy Judge.**

Date:  May 29, 2018                        /s/ F. Bruce Sleeper
                                           F. Bruce Sleeper
                                           Attorney for Movant
                                           Credit Accptance Corp.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above Motion for Relief from Stay and the proposed Order filed with respect to the same, as well as the above Notice of Motion for Relief From Stay, of Deadline to File Objections to Motion, and of Hearing Date, upon the party listed below on May 29, 2018, by mailing a copy of the Motion to that party by first class mail, postage prepaid, at the indicated addresses:

            Amy K. Cooney, Debtor
            211 Marriner Street
            South Portland, ME  04106

I further certify that, on that same date, all parties listed on the Notice of Electronic Filing were served electronically with copies of the above Motion for Relief From Stay, the proposed Order filed with respect to the same, and the above Notice.

                                           /s/ F. Bruce Sleeper
                                           F. Bruce Sleeper
                                           Attorney for Movant
                                           Credit Acceptance Corp.